*Tagged* Case 09-02273-RBR   Doc 33   Filed 04/16/10   Page 1 of 4

ORDERED in the Southern District of Florida on *April 16, 2010*.



*Raymond B. Ray*, Judge
United States Bankruptcy Court

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

| | |
|---|---|
| In re: | Case No. 07-19845-BKC-RBR |
| LEVITT AND SONS, LLC, a Florida limited liability company, *et al.*, | Chapter 11 |
| | Jointly Administered |
| Debtors. _____/ | |
| JAMES S. FELTMAN as Plan Administrator, | Adv. No. 09-2273-BKC-RBR-A |
| Plaintiff, | |
| vs. | |
| KEYBANK, N.A., | |
| Defendant. _____/ | |

### ORDER GRANTING MOTION TO DISMISS

THIS MATTER came before the Court for hearing on January 26, 2010, upon the Amended Motion to Dismiss Complaint (the "Motion to Dismiss") [D.E. 18], filed by Defendant KeyBank, National Association ("KeyBank" or the "Defendant"). The Motion to Dismiss argues that the Adversary Complaint to Avoid and Recover Fraudulent and/or Preferential Transfers (the "Complaint") [D.E. 1], filed by Plaintiff James S. Feltman as Plan Administrator for the Levitt and

Sons Consolidated Debtors (the "Plaintiff" or "Plan Administrator"), should be dismissed for, *inter alia*, failing to state an adequate claim for relief under Rule 8(a) of the Federal Rules of Civil Procedure.[1] At the hearing, the Court authorized supplemental briefing and directed the parties to submit proposed findings of fact and conclusions of law.

Based upon its consideration of the said pleadings and argument in open court, the Court enters this memorandum decision dismissing the Complaint with leave to amend.

### Findings of Fact

The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on November 9, 2007 (the "Petition Date"). Prior to the Petition Date, KeyBank was a lender for one or more of the Debtors.

The Court confirmed the Second Amended Joint Liquidating Chapter 11 Plan (the "Plan") [D.E. 4116 in Case No. 07-19845-BKC-RBR] in the main case on February 23, 2009. Prior to confirmation, the Debtors' various chapter 11 cases were jointly administered pursuant to order of the Court. Article II of the Plan substantively consolidated the Debtors "solely for the purposes of voting, Confirmation of and Distributions [thereunder], and for no other purpose, as set forth [therein]" (Plan 17). Pursuant to the order confirming the Plan (the "Confirmation Order") [D.E. 4646 in Case No. 07-19845-BKC-RBR], James S. Feltman was appointed as the Plan Administrator, effective as of March 3, 2009.

The Plan Administrator filed the Complaint against KeyBank on November 5, 2009. The Complaint attempts to avoid and recover allegedly preferential and fraudulent transfers on behalf of the Debtors. However, the Complaint alleges that, by the time of the Petition Date, a number of the Debtors had become jointly and severally liable, through guaranties and related loan and security documents, for the obligations of the other Debtors. The Complaint does not specify the extent of the total loan amounts, nature of the underlying obligations, which entities were obligated,

---

[1] Rule 7008(a) of the Federal Rules of Bankruptcy Procedure incorporates Rule 8 F.R.Civ.P. in adversary proceedings.

or which entities were the source of the funds allegedly paid to KeyBank.

KeyBank filed the Motion to Dismiss on December 29, 2009.

### Conclusion of Law

Recent decisions by the Supreme Court of the United States have altered the standard courts should employ when reviewing the adequacy of complaints in civil cases. *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). Previously, a complaint would not be dismissed for failure to state a claim unless it appeared beyond doubt that the plaintiff could prove no set of facts in support of its claims. *Conley v. Gibson,* 355 U.S. 41 (1957). The Supreme Court revised this standard in *Twombly* with the requirement that a complaint must now state enough factual matter to make the claim plausible or risk dismissal. 550 U.S. at 556. A claim possesses requisite plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly,* 550 U.S. at 556. This standard does not require a showing of probable guilt, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The United States Bankruptcy Court for the Eastern District of North Carolina recently applied the *Twombly* pleading standard in proceedings not dissimilar from this one. *See Angell v. BER Care, Inc. (In re Careamerica, Inc.),* 409 B.R. 737 (Bankr. E.D.N.C. 2009); *Angell v. Haveri (In re Careamerica, Inc.),* 409 B.R. 346 (Bankr. E.D.N.C. 2009); *Angell v. Burrell (In re Careamerica, Inc.),* 409 B.R. 759 (Bankr. E.D.N.C. 2009).

The trustee in the *Careamerica* cases filed a number of adversary complaints alleging preferential and fraudulent transfers made by the debtor to various defendants. Analyzing the complaint in the *BER Care, Inc.* case under the *Twombly* standard, the bankruptcy court found that the trustee had failed to adequately plead certain elements of a § 547 preference claim for relief. *Angell v. BER Care, Inc.,* 409 B.R. at 750–54. In particular, the court found that the trustee had failed to demonstrate that the transfers at issue were transfers of the debtor's

property. *Id.* at 750–51. While exhibits to the complaint, including bank statements and a summary of the transfers, lent sufficient factual support to the allegation that the transfers had been made from related entities, the evidence did not indicate the source of the funds that entered the related entities' accounts, or which specific entity initiated each transfer. *Id.* The bankruptcy court thus held that the complaint possessed an insufficient factual basis to meet the *Twombly* standard for stating a claim for relief. *Id.*

This Court agrees with and adopts the legal reasoning of the *Careamerica* court. However inconvenient it may be for a plaintiff, it is apparent that the jurisprudential landscape regarding the adequacy of complaints in civil cases has changed. The Plaintiff's failure to adequately distinguish identity with respect to various obligors, guarantors, and transferors allegedly involved in the transactions with KeyBank is fatal to Counts I, II, III, IV, and V of the Complaint. Count VI is rendered moot by the separate contested matter pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure that is pending in the main bankruptcy case, and will be dismissed as duplicative of relief sought elsewhere by the Plaintiff.

In light of the foregoing, it is

**ORDERED** as follows:

1. The Motion to Dismiss is **GRANTED**.

2. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff is authorized to file an amended complaint within twenty (20) days of the date of the entry of this order.

###

The Clerk of Court shall provide copies to:

Barry Gruher, Esq.
Alan Kipsnis, Esq.